UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANNE ARBELAEZ, an individual

    Plaintiff,

v.                                            Case No: 2:16-cv-563-FtM-99CM

ADLER REALTY SERVICES, LLC,

    Defendant.

## REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of the Parties' Notice of Compliance with the Court's Order of April 7, 2017 [DE21] (Doc. 22) filed on April 13, 2017, construed as a Renewed Motion for Approval of Settlement. The parties filed the Joint Motion for Approval of Settlement on March 3, 2017 and the Settlement Agreement for the Court's review on March 6, 2017. Docs. 18, 20-1. The Court denied without prejudice their joint motion because their Settlement Agreement contained confidentiality provisions and Plaintiff's general release of claims. Doc. 21. The Court directed the parties to file an amended settlement agreement that complies with the Court's Order. *Id.* Accordingly, the parties filed the Notice along with a copy of the amended settlement agreement for the Court's review. Docs. 22,

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1. **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation, they promptly may file a joint notice of no objection.**

22-1.  For the reasons set forth herein, the Court recommends that the settlement be **APPROVED** and the case be dismissed with prejudice.

To approve the settlement, the Court must determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the Fair Labor Standards Act ("FLSA").  *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982).  There are two ways for a claim under the FLSA to be settled or compromised.  *Id.* at 1352-53.  The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees.  *Id.* at 1353.  The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages.  *Id.*  When the employees file suit, the proposed settlement must be presented to the district court for the district court to review and determine that the settlement is fair and reasonable.  *Id.* at 1353-54.

The Eleventh Circuit has found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute.  Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.  If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

Plaintiff Anne Arbelaez brought this action against Defendant Adler Realty Services, LLC for recovery of overtime compensation and retaliation under the FLSA. Doc. 1 at 4-5. Defendant is a limited liability company engaged in business in Florida. *Id.* ¶ 5. The Complaint alleges that Defendant hired Plaintiff as an assistant property manager on a salary basis from January 2015 to June 2016. *Id.* ¶ 7. Plaintiff alleges that although she routinely worked in excess of forty (40) hours during one or more workweeks, she was not paid any overtime premium for overtime hours worked. *Id.* ¶¶ 9-10.

In the amended settlement agreement, Defendant agrees to pay Plaintiff a settlement amount totaling twenty-two thousand five hundred dollars ($22,500.00). Doc. 22-1 ¶ 3(A). The settlement provides that six thousand five hundred dollars ($6,500.00) be paid to Plaintiff as wages and another six thousand five hundred dollars ($6,500.00) be paid to Plaintiff as liquidated damages. *Id.* Defendant also will pay to Plaintiff's counsel the sum of nine thousand five hundred dollars ($9,500.00) as reasonable attorney's fees and costs. *Id.*

The parties represent that they reached the settlement after arms-length negotiations between counsel experienced in FLSA matters. Doc. 18 at 2. The parties also allege that they seek to avoid the risks inherent in and the costs of litigation and the delay in achieving results. *Id.* Furthermore, the parties argue that the settlement agreement is fair, adequate and reasonable. *Id.* Based on the Court's review of the amended settlement agreement, the parties' representations and the policy in this circuit of promoting settlement of litigation, the Court

recommends the proposed settlement to be a fair and reasonable compromise of the dispute.

In addition, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). Pursuant to *Bonetti,* 715 F. Supp. 2d at 1228,

> the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.

In the instant case, the settlement was reached and the attorney's fees and costs were agreed upon separately and without regard to the amount paid to Plaintiff. Doc. 18 at 2. As part of the settlement, Defendant agrees to pay Plaintiff's attorney's fees and costs in the amount of $9,500.00. Doc. 22-1 ¶ 3(A). The parties state that the amount of attorney's fees and costs was negotiated separately from Plaintiff's recovery. Doc. 18 at 2.

The Court further notes that the prior settlement agreement contained a general release of claims and confidentiality provisions. Doc. 20-1. In FLSA cases, general releases typically are disfavored because "a pervasive release in an FLSA settlement confers an uncompensated, unevaluated, and unfair benefit on the employer." *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1352 (M.D. Fla. 2010)

(holding that the proposed FLSA settlement agreement was unfair and precludes evaluation of the compromise because of the pervasive and unbounded scope of the release). This court as well as other courts within this district have approved general releases in FLSA cases when the plaintiff receives compensation that is separate and apart from the benefits to which plaintiff is entitled under the FLSA. *Davis v. JP Sports Collectibles Inc.*, No. 2:16-cv-154-FtM-CM, 2016 WL 7474571, at *2 (M.D. Fla. Dec. 29, 2016) (approving the settlement agreement with mutual general releases because the plaintiffs received independent consideration for their individual general releases); *Weldon v. Backwoods Steakhouse, Inc.*, 6:14–cv–79–Orl–37TBS, 2014 WL 4385593, at *4 (M.D. Fla. Sept. 4, 2014); *Buntin v. Square Foot Management Company, LLC*, 6:14–cv–1394–Orl–37GJK, 2015 WL 3407866, at *2 (M.D. Fla. May 27, 2015); *Raynon v. RHA/Fern Park MR., Inc.*, 6:14–cv–1112–Orl–37TBS, 2014 WL 5454395, at *3 (M.D. Fla. Oct. 27, 2014).

In *Buntin*, the court approved a settlement agreement that contained a general release because it was supported by independent consideration apart from that owed to him under the FLSA, specifically a mutual general release and a specific neutral reference by defendant. *Buntin*, 2015 WL 3407866, at *3. Other courts have also found mutual general releases to confer a benefit on plaintiff, and thus acceptable. *Capers v. Noah's Ark Repair Serv., Inc.*, No. 6:11-cv-457-ORL-28TB, 2013 WL 3153974, at *3 (M.D. Fla. June 19, 2013) (approving agreement as fair and reasonable where containing a mutual general release, finding that "[it] also confer[s] a benefit upon Plaintiff."); *Vergara v. Delicias Bakery & Rest., Inc.*, No. 6:12–cv–150–Orl–

36KRS, 2012 WL 2191299, at *2–3 (M.D. Fla. May 31, 2012), report and recommendation adopted, 2012 WL 2191492 (M.D. Fla. Jun.14, 2012) (approving settlement agreement where general release by employee was exchanged for a mutual release by employer).

In its previous Order, the Court noted that the parties' prior settlement agreement did not specify what, if any, independent consideration Plaintiff received for her general release provision. Docs. 20-1 ¶ 2(A); 21 at 2-4. The parties address this issue by including Defendant's general release of claims in the amended settlement agreement, which the Court finds is sufficient independent consideration for Plaintiff's general release. Doc. 22-1 ¶¶ 2(A), 3(C); see Buntin, 2015 WL 3407866, at *3 (approving a settlement agreement with a general release because it was supported by a mutual general release and a specific neutral reference by defendant).

Furthermore, "a confidentiality provision furthers resolution of no bona fide dispute between the parties; rather, compelled silence unreasonably frustrates implementation of the 'private-public' rights granted by the FLSA and thwarts Congress's intent to ensure widespread compliance with the statute." *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010); *see also Pariente v. CLC Resorts and Developments, Inc.*, No. 6:14-cv-615-Orl-37TBS, 2014 WL 6389756, at *5 (M.D. Fla. Nov. 14, 2014) (adopting the report and recommendation that recommended striking non-disclosure provision in FLSA settlement as contrary to congressional intent and frustrating the purpose of the FLSA) (quoting *Dees*, 706 F. Supp. 2d at 1242). In fact, "courts in this circuit routinely reject FLSA settlement

agreements containing confidentiality provisions." *Pariente*, 2014 WL 6389756, at *5. Here, the parties have removed their confidentiality provisions from the amended settlement agreement. Doc. 22-1. Under these circumstances, the Court recommends that the amended settlement agreement is fair and reasonable.

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

1. The Parties' Notice of Compliance with the Court's Order of April 7, 2017 [DE21] (Doc. 22), construed as a Renewed Motion for Approval of Settlement, be **GRANTED** and the Amended Settlement Agreement (Doc. 22-1) be **APPROVED** by the Court as a fair and reasonable resolution of a bona fide dispute under the FLSA.

2. The Court enter an order **DISMISSING** with prejudice all claims asserted in this action by Plaintiff.

**DONE** and **ENTERED** in Fort Myers, Florida on this 21st day of April, 2017.

*[signature]*
CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record